IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1776** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| SHANNON CRAKE, | : | |
| Defendant | : | |

...................................................................................................................................................

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1777** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| PETER PAUL OLSZEWSKI, JR., | : | |
| Defendant | : | |

...................................................................................................................................................

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1778** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL J. GOWNLEY, | : | |
| Defendant | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural History.**

On August 24, 2010, Plaintiff, Frederico A. Dacenzo, an inmate at Green Rock Correctional Center, Chatham, Virginia, filed, *pro se*, the above three civil rights actions under 28 U.S.C. § 1983. Plaintiff also filed *in forma pauperis* motions in all three cases.

In his Complaint against Defendant Crake, a Luzerne County Assistant District Attorney, Plaintiff simply avers as follows:

> She knowingly approved a court order that is both illegal and violates my right to know when a person or organization is attempting access to my private account information.

(Doc. 1, p. 2, #10-1776).

In his Complaint against Defendant Olszewski, a former Judge of the Luzerne County Court of Common Pleas, Plaintiff simply avers as follows:

> Issued court orders for the release of personal account information and illegally ordered the communications company to not inform me, thus violating my right to know, and the companies (sic) privacy policy.

(Doc. 1, p. 2, #10-1777).

In his Complaint against Defendant Gownley, a Pennsylvania State Police Trooper, Plaintiff simply avers as follows:

> He filed a court order claiming a right to access my private account information. He didn't want me to know about it, but never filed the proper forms, then neglected to inform me as required by law.

(Doc. 1, p. 2, #10-1778).

As relief in all three Complaints, Plaintiff basically requests that Defendants admit that they violated his rights and that they obtained (or gave permission to obtain) his private account

information from a communications company illegally. Plaintiff also requests that policies be put in place to prevent the alleged conduct from reoccurring. Further, Plaintiff requests "maximum monitary (sic) compensation allowable to offset mental stress, anguish, and financial burdens that have resulted from [Defendants' alleged conduct]." To the extent Plaintiff seeks money damages for pain and suffering from Defendants, he is precluded since he does not allege any physical harm Defendant caused him.[1] Thus, we will recommend that Plaintiff's claim for money damages for pain and suffering against Defendants be dismissed.

**II. Discussion.**

We have not yet screened Plaintiff's Complaints under the PLRA as we are obliged to do. However, it is apparent that since Plaintiff's three Complaints involve common facts and all relate to the same incident regarding the alleged illegal access to Plaintiff's private account information from a communications company, we will recommend that Plaintiff's three cases be consolidated.

> Rule 42(a) of the Federal Rules of Civil Procedure states that:
>
> When actions involving a common question of
> law or fact are pending before the court, it
> may order a joint hearing or trial of any or all
> the matters in issue in the actions consolidated;
> and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs
> or delay.

*See Mitchell v. Dodrill*, 2009 WL 179725, *1 (M.D. Pa.).

---

[1] Plaintiff cannot obtain compensatory damages for pain and suffering since he fails to allege any physical injury. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320, n. 1 (E.D. Pa. 2009).

We have reviewed Plaintiff's three cases, and we find that Plaintiff raises essentially the exact same claim against the three Defendants, and it is clear that these claims arise out of the same incident in Luzerne County, Pennsylvania.[2] The actions involve common questions of law and fact,

---

[2] We note that insofar as Plaintiff names Assistant District Attorney Crake she may be entitled to absolute prosecutorial immunity with respect to his claim for money damages. *See Clark v. Vernon,* 228 Fed. Appx. 128, 131 (3d Cir. 2007). However, at this stage of the case, it may be too early to decide if absolute prosecutorial immunity applies to this Defendant. In *Bansal v. Russ*, 513 F. Supp. 2d 264, 274-75 (E.D. Pa. 2007), the Court stated:

> It is less apparent, however, whether the AUSA Defendants are shielded from those claims involving allegedly illegal searches and wiretaps-Counts 1-14, 16, and 21-22. *See Kulwicki v. Dawson,* 969 F.2d 1454, 1465 (3d Cir.1992) (noting the line between quasi-judicial and investigative activity is far from clear). Merely investigative evidence-gathering is not absolutely protected. *See Kulwicki v. Dawson,* 969 F.2d 1454, 1465 (3d Cir.1992). However, to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution, it is encompassed within the protected, quasi-judicial immunity afforded to the decision itself." *See Forsyth v. Kleindienst,* 599 F.2d 1203, 1215 (3d Cir.1979), *cert. denied, sub nom. Mitchell v. Forsyth,* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981); *Panayotides v. Rabenold,* 35 F.Supp.2d 411, 416 (E.D.Pa.1999) (holding prosecutors enjoy immunity from investigatory acts taken to the extent that the securing of information is necessary to a prosecutor's decision to initiate a criminal prosecution), aff'd 210 F.3d 358 (3d Cir.2000).
>
> In this case, the court lacks the necessary information to determine whether the AUSA defendants were acting in a role as advocate for the state in allegedly authorizing illegal searches and wiretaps. [FN3]. Thus, at this time, Defendants have not met their burden of establishing that absolute prosecutorial immunity applies to the AUSA's alleged wrongful actions in gathering evidence.
>
>> FN3. In determining whether a prosecutor's actions in obtaining search warrants are protected by absolute immunity, several courts have drawn a distinction between a prosecutor's actions in obtaining a search warrant *prior* to the filing of a complaint or indictment and *subsequent* to such a filing-finding those actions occurring *prior* to indictment to be investigatory in nature. *See Schrob v. Catterson,* 948 F.2d 1402, 1415 (3d Cir.1991); *see also McSurely v. McClellan,* 697 F.2d 309

4

and assert basically the same claims regarding the access of Plaintiff's private account information. Plaintiff also requests identical relief in all three cases. Thus, we find that Plaintiff's three civil rights actions with essentially the same claims should be consolidated. Accordingly, pursuant to Rule 42(a), we will recommend that the above three cases be consolidated, that Plaintiff's Civil No. 10-1777 and Civil No. 10-1778 , M.D. PA cases be closed, and that the matter proceed under Civil No. 3:CV-10-1776.

We also find that Plaintiff should be directed to file one Amended Complaint against all three Defendants under Civil No. 10-1776.

Plaintiff's form civil rights Complaints, each with their one-sentence statement of claim, do not sufficiently specify any conduct, wrongful or otherwise, of the named defendants. On each of

---

(D.C.Cir.1982) (holding that Defendant's preparation of the warrants and participation in the search and seizure were not core prosecutorial functions because "they involve[d] not the protected decision to initiate prosecution, but rather the earlier, preliminary gathering of evidence which may blossom into a potential prosecution"). Additionally, the court notes that due to the lack of evidence before the court, it is unclear what role, if any, the AUSA defendants actually played in the alleged violations.

Also, we note that Defendant former judge Olszewski may be entitled to absolute judicial immunity with respect to his claim for money damages. Plaintiff's present claim for monetary damages against Defendant Olszewski which appear to be based on his performance of his judicial duties is precluded by absolute judicial immunity. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.).

Further, we note that to the extent Plaintiff alleges that Defendant former judge Olszewski issued court orders for the release of his personal account information by a communications company and illegally ordered the company not to inform him "violating [his] right to know" as well as violated the company's privacy policy, based on absolute judicial immunity, the Court may conclude that any amended pleading as to Defendant Olszewski would be futile. *See Grayson v. Mayview State Hosp.,* 293 F. 3d 103 (3d. Cir. 2002).

5

his form Complaints, Plaintiff checked the box on the cover sheet that it was filed pursuant to §1983. However, Plaintiff's Complaints fail to sufficiently mention the personal involvement of Defendants with any cognizable constitutional claim as required in a § 1983 action. Plaintiff merely avers that the three Defendants, at an unspecified date, were involved with getting a communications company, presumably a telephone company and/or a company with Plaintiff's e-mail account, to release personal information about his account and with directing the company not to inform him that it released his account information. Plaintiff seems to implicate his First and Fourth Amendments rights, although he does not state which constitutional rights were allegedly violated by Defendants.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

---

[3]Plaintiff alleges in his pleadings that the individual Defendants were state agents. *See McCarthy v. County of Bucks*, 2008 WL 5187889, * 1, n. 4 (E.D. Pa.).

6

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Recently, the Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action. In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S. Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).
>
> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these claims were properly dismissed."

In *Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.), the Court stated:

> The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. *Id.* at 1949, 1953. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 555); *see also Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." (citing *Twombly,* 550 U.S. at 556 n. 3)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556).

*See Sims v. Piazza*, 2009 WL 3147800, *5 (M.D. Pa.)("Legal conclusions without factual support are not entitled to the assumption of truth.")(citation omitted).

We find that Plaintiff's Complaints lack sufficient allegations as to all three Defendants and what these Defendants personally did to violate any of Plaintiff's constitutional rights.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases,[4] a civil rights complaint in order to comply with Rule 8 must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the compliant is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

Under even the most liberal construction, Plaintiff's Complaints are in clear violation of Rule 8. It does not give Defendants fair notice of what Plaintiff's claims against them are and the grounds upon which it rests. Even taking into account the fact that Plaintiff is proceeding *pro se*, his Complaints are not in conformity with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's pleadings do not set forth in brief, concise, and understandable terms the personal conduct of each Defendant about which Plaintiff is complaining. Accordingly, we will recommend that Plaintiff be directed to file one amended complaint against all three Defendants.

Plaintiff should also be reminded that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without

---

[4] In *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Id* at 167.

reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, Plaintiff should be advised that his Amended Complaint must establish the existence of actions by the Defendants which have resulted in constitutional deprivations. *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). Plaintiff's Amended Complaint should also specify which actions are alleged as to which Defendants. Plaintiff's Amended Complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

Further, we will recommend that if Plaintiff fails, within the applicable time period, to file his Amended Complaint adhering to the standards set forth above, that his action be dismissed.

### III. Recommendation.

Based upon the foregoing, it is respectfully recommended that the three above-captioned cases be consolidated, that Civil Action Number 3:CV-10-1777 and Civil Action Number 3:CV-10-1778 be closed, and that the matter proceed under Civil Action Number 3:CV-10-1776. Additionally, based on the foregoing, it is respectfully recommend that Plaintiff be directed to file one Amended Complaint against all three Defendants adhering to the standards set forth above. Further, it is recommended that, if Plaintiff fails, within the applicable time period, to file his Amended Complaint adhering to the standards set forth above, his action be dismissed.

Finally, it is recommended that Plaintiff's consolidated case be remanded to the undersigned for further proceedings.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 8, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1776** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| SHANNON CRAKE, | : | |
| Defendant | : | |

..................................................................................................................................

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1777** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| PETER PAUL OLSZEWSKI, JR., | : | |
| Defendant | : | |

..................................................................................................................................

| | | |
|---|---|---|
| FREDERICO A. DACENZO, | : | CIVIL ACTION NO. **3:CV-10-1778** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| MICHAEL J. GOWNLEY, | : | |
| Defendant | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 8, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October 8, 2010**