IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| FREDERICO A. DACENZO,<br>Plaintiff<br><br>v.<br><br>SHANNON CRAKE,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 3:10-CV-1776<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |
|---|---|---|

| FREDERICO A. DACENZO,<br>Plaintiff<br><br>v.<br><br>PETER PAUL OLSZEWSKI, JR.,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 3:10-CV-1777<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |
|---|---|---|

| FREDERICO A. DACENZO,<br>Plaintiff<br><br>v.<br><br>MICHAEL J. GOWNLEY,<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 3:10-CV-1778<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |
|---|---|---|

## MEMORANDUM and ORDER

On August 24, 2010, Plaintiff, Frederico Dacenzo, filed three civil rights actions pursuant to 42 U.S.C. § 1983. The Complaint against Shannon Crake, Assistant District Attorney of Luzerne County, alleged that she approved an illegal court order that violated Plaintiff's right to know when someone is attempting to access his private account information. Civil No. 10-1776, Doc. 1. The action naming former Luzerne County Court of Common Pleas Judge Pater Paul Olszewski, Jr., alleged that he issued an order for the release of personal account information and

1

FILED
SCRANTON
NOV 17 2010

PER /m. b. r.
DEPUTY CLERK

illegally directed the communications company not to inform Plaintiff thereof. Civil No. 10-1777, Doc. 1. The Complaint filed in Civil No. 10-1778 against Michael Gownley, Pennsylvania State Police ("PSP") trooper, alleged that the Trooper did not file the proper forms for a court order to access Plaintiff's account information and failed to inform Plaintiff of the request. Civil No. 10-1778, Doc. 1. Plaintiff filed a motion for leave to proceed in forma pauperis in each of the actions. (Docs. 2, 6).

On October 8, 2010, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R")[1] recommending that the three cases be consolidated under Civil No. 10-1776, that Plaintiff be directed to file one amended complaint against all three (3) defendants clearly setting forth the claim as required by Federal Rule of Civil Procedure 8, and that if he fails to comply, the action be dismissed. (Docs. 9). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error

---

[1] One R&R was filed for the three cases and is listed as Document #9 in all actions.

that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L. R. 72.3.

**Discussion**

Having reviewed the instant record, no error is discerned from the R&R. First, the Magistrate Judge determined that "[t]o the extent Plaintiff seeks money damages for pain and suffering from Defendants, he is precluded since he does not allege any physical harm Defendant caused him." (Docs. 9, p. 2) (citing Allah v. Al-Hafeez, 226 F. 3d 247, 251 (3d Cir. 2000); Kantamanto v. King, 651 F. Supp. 2d 313, 320 n.1 (E.D. Pa. 2009)).

Next, Magistrate Judge Blewitt found that the three cases raise essentially the same claims, regarding the access of Plaintiff's private account information without his knowledge, that these claims arise out of the same incident in Luzerne County, Pennsylvania, and that identical relief is requested. (Docs. 9, pp. 2-3). The R&R explained that pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[w]hen actions involving a common question of law or fact are pending before the court, it may order ... all the matters in issue in the actions consolidated." (Id. at p. 3). Accordingly, the Magistrate Judge recommended that in order to avoid unnecessary costs and delay, the cases should be consolidated under Civil No. 10-1776 and the other two actions should be closed. (Id. at pp. 3-5).

Finally, the Report discussed the sufficiency of the allegations and recommended that Plaintiff be directed to file one amended complaint against all three Defendants. (Docs. 9, p. 5). Magistrate Judge Blewitt cited the required elements of a section 1983 civil rights claim and

explained that the Complaint must allege personal involvement by each Defendant in the constitutional violations. (Id.), citing, e.g. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), Parratt v. Taylor, 451 U.S. 527 (1981); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998); Kost v. Kozakiewicz, 1 F. 3d 176, 184 (3d Cir. 1993). The Magistrate Judge recognized that while pro se parties are accorded substantial deference, they may not ignore the Federal Rules of Civil Procedure. (Docs. 9) (citing FED. R. CIV. P. 8(a); Haines v. Kerner, 404 U.S. 519, 520 (1972)).

The R&R concluded that "[u]nder even the most liberal construction, Plaintiff's Complaints are in clear violation of Rule 8." (Docs. 9, p. 9). Magistrate Judge Blewitt determined that the one-sentence statement of claim in the Complaints does not sufficiently specify the alleged conduct or plead the personal involvement of Defendants. (Id. at pp. 5-6). The Magistrate Judge found, "Plaintiff merely avers that the three Defendants, at an unspecified date, were involved with getting a communications company ... to release personal information about his account and with directing the company not to inform him that it released his account information." (Id. at p. 6). Further, "Plaintiff seems to implicate his First and Fourth Amendments rights, although he does not state which constitutional rights were allegedly violated by Defendants." (Id.). The Report therefore recommended that Plaintiff be directed to file one complete amended complaint. (Id. at p. 9).

After review, and in the absence of objections, no error is discerned from the R&R and it will be adopted. Notably, however, after the time to file objections expired, Plaintiff filed an Amendment "at the request of the court." (Docs. 11). This Amendment adds a new defendant, Jacqueline Musto-Carroll, District Attorney of Luzerne County, and provides additional information in support of Plaintiff's claims. (Id.). It does not specify the relief requested.

4

Compare FED. R. CIV. P. 8(a)(3) ("A pleading that states a claim for relief must contain: ... a demand for the relief sought, which may include relief in the alternative or different types of relief.") and Thomas v. Commonwealth Court, 375 F. Supp. 2d 406, 408 (M.D. Pa. 2005) (Rambo, J.) (screening a civil rights action despite the complaint's failure to specify the relief sought). No opinion is being offered as to the sufficiency of the Amendment. Rather, Plaintiff will be afforded an opportunity, if he chooses, to file one complete amended complaint under Civil No. 10-1776. If he decides to file an amended complaint, he is reminded that "[i]t must be a new pleading which stands by itself without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). If Plaintiff elects not to file another amended pleading, the Amendment will be screened pursuant to 28 U.S.C. § 1915A.[2]

**Conclusion**

In the absence of objections, the Report and Recommendation was reviewed for plain error and will be adopted. Any request for money damages for pain and suffering is precluded. The actions will be consolidated under Civil No. 10-1776. Civil Nos. 10-1777 and 10-1778 will be closed. Plaintiff may, if he chooses, file one amended complaint in Civil No. 10-1776 within twenty (20) days. If he elects not to file an amended pleading, the Amendment docketed on November 1, 2010, (Docs. 11), will be treated as his Amended Complaint. This matter will be remanded to Magistrate Judge Blewitt for further proceedings.

United States District Judge

---

[2] In light of the recently filed Amendment, the recommendation in the R&R that the action be dismissed if Plaintiff fails to file an Amended Complaint within the time allotted is moot.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICO A. DACENZO,<br>Plaintiff<br><br>v.<br><br>SHANNON CRAKE,<br>Defendants | CIVIL NO. 3:10-CV-1776<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |
| FREDERICO A. DACENZO,<br>Plaintiff<br><br>v.<br><br>PETER PAUL OLSZEWSKI, JR.,<br>Defendants | CIVIL NO. 3:10-CV-1777<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |
| FREDERICO A. DACENZO,<br>Plaintiff<br><br>v.<br><br>MICHAEL J. GOWNLEY,<br>Defendants | CIVIL NO. 3:10-CV-1778<br><br>(JUDGE NEALON)<br>(MAGISTRATE JUDGE BLEWITT) |

## ORDER

**AND NOW, THIS** 17th **DAY OF NOVEMBER, 2010, IT IS HEREBY ORDERED THAT:**

1. The Reports and Recommendations (Docs. 9) are **ADOPTED**;

2. The above-captioned cases are **CONSOLIDATED** under Civil No. 10-1776;

3. The Clerk of Courts shall mark Civil Nos. 10-1777 and 10-1778 **CLOSED**;

4. Plaintiff may file an amended complaint within twenty (20) days of the date of this Order and his failure to do so will result in a decision being reached on his Amendment filed on November 1, 2010 (Doc. 11);

5. This matter is remanded to Magistrate Judge Blewitt for further proceedings; and

6. Any appeal will be deemed frivolous, lacking merit, and not taken in good faith.

_____
**United States District Judge**